GREMILLION, Judge,
concurring.
hi agree with the majority that the summary judgment in favor of Firestone was improvidently granted. I further agree with the majority that the trial court should not have made a credibility determination regarding the intent of the parties. The majority goes on to conclude, however, that such a credibility determination (i.e. whether there has been a “meeting of the minds”) would be appropriate at trial. I disagree.
The two writings at issue here (a “rental contract” and a “national account agreement”) are both signed, and they are both clear and unambiguous. The critical document here was signed by Firestone’s employee, Mr. Pickle. Louisiana law is very clear that the fact that Mr. Pickle did not read the document is of no moment. Aguillard v. Auction Mgt. Corp., 04-2804, 04-2857 (La.6/29/07), 908 So.2d 1. A party is bound by what he signs unless there exists some vice of consent. See La. Civ. Code art. 194-8, et seq. There is no evidence that such a vice existed. Thus, I disagree with the majority opinion to the extent that it suggests that the proper question for trial is whether the parties intended to be bound. That suggestion assumes that signatures mean nothing.
However, there does appear an issue of fact as to whether Mr. Pickle was an authorized agent for Firestone when he signed the documents on his employer’s | gbehalf. I, therefore, concur.